# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
)
HUI LIN, PIN YUN ZHANG, WEN MING LIN,    )
HUANG CHEN, AI YI LIN, and YU JIAO LIN,    )    Case No. 08-civ-4778
)
               Plaintiffs,    )
)
      -against-    )
)
GREAT ROSE FASHION, INC., SILVER    )
FASHION, INC., GREAT WALL CORP.,    )
PING NEN LIN, XIAO YAN LIN, and FAN ZHEN  )
)
               Defendants.    )
-------------------------------------------------------------X

## DEFENDANTS' REPLY TO PLAINTIFFS' MOTION FOR A TEMPORARY

## RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Wong, Wong & Associates P.C.
150 Broadway, Suite 1588
New York, NY 10038
Tel: 212-566-8080
Attorneys for Defendants

## INTRODUCTION

Defendants are engaged in the business of manufacturing garments and have employed plaintiffs for the purpose of either cutting excessive threads or packing finished articles of clothing for delivery.  Plaintiffs in the instant action were employed since November 2005.  On November 25, 2008, Plaintiffs instituted an action whose allegations were such that Defendants were in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§201-209, and New York Labor Law.  Preceding the commencement of the instant action, Plaintiffs' have experienced a precipitous drop of business in light of the economic woes plaguing the United States.  As a result, Plaintiffs' business has been adversely impacted in that the amount of orders have decreased, in turn, affecting the demand and need for workers.  In fact, in order for Plaintiffs' business to stay afloat, it was compelled to reduce the number of work days and hours for several employees.  However, even the reduction of the Plaintiffs' work days and hours were insufficient to cause the business to be profitable, hence defendants were left with no other choice than to terminate several employees within their workforce, inclusive of Plaintiffs and ultimately close the business.

Prior to terminating the Plaintiffs from their jobs, Defendants took prophylactic measures aimed to reduce overhead and the costs of doing business by reducing the work schedules of the plaintiffs and issuing a check made payable to them collectively, rather than individually. However, Defendants' business continue to worsen and for this reason alone were forced to terminate Plaintiffs and ultimately close the business.

## ARGUMENT

## I.    Standard for Injunctive Relief

There exists well settled law in determining whether a preliminary injunction should be granted.  To secure a preliminary injunction in district court, the moving party must demonstrate:

> (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor."

Forest City Daly Hous., Inc. v. Town of North Hempstead, 175 F.3d 144, 149 (2d Cir.1999).

Plaintiffs' argue they are entitled to a preliminary injunction and/or temporary restraining order on the ground that the Defendants have engaged in retaliatory conduct in violation of the FLSA §215(a)(3).  Plaintiffs' further argue that Courts in this Circuit have issued temporary restraining orders and preliminary injunctions as a result of "retaliatory conduct" by an employer.  As such, the question turns on whether the Defendants engaged in retaliatory conduct or otherwise.  It is respectfully submitted that the Defendants actions were not retaliatory in nature, but rather were dictated by the sobering reality that its business was sharply declining.  Consequently, Plaintiffs fail to demonstrate that a preliminary injunction or temporary restraining order is appropriate.

Plaintiff cites a slew of cases which, at best, have little to no applicability in determining whether an injunction or temporary restraining order should be issued. Mullins v. City of New York, 554 F. supp. 2d 483, 493-94 (S.D.N.Y. 2008) and Barturen v. Wild Edibles, Inc. No. 07 Civ. 8127, 2007 WL 468656, at *6 (S.D.N.Y. Dec. 18, 2008) both deal with circumstances where a Court previously entered a restraining order preventing retaliation and only when the restraining order was violated did the Courts

issue a preliminary injunction.  Here, no temporary restraining order has been entered and

certainly even if one were entered, the Defendants would certainly comply with same.

Indeed, Defendants have been seriously affected by the recent downturn in the

economy resulting in a dramatic reduction of business and orders.  Clearly, a

corporation's ability to operate is wholly dependent and directly correlated to the number

of orders, business and profitability thereof.  In other words, if a corporation's business is

floundering, it follows that it must take measures to prevent insolvency, whether it cuts

the workforce or takes other action in furtherance of keeping the business afloat.   In the

present case, Defendants actions were motivated by it's floundering business and its

needs to reduce costs.  Defendants actions are consistent therewith in that it terminated

the Plaintiffs and forty other employees as a result of defendants declining business,

contrary to Plaintiffs' averment that it "retaliated" against them as a result of

commencement of the instant action.

## II.     Irreparable injury is not established by demonstrating economic hardship

The general rule is that an injunction should not issue when the remedy at law is

adequate. Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir. 1979).

The 2nd circuit has held that "……that the requisite irreparable harm is not established in

employee discharge cases by financial distress or inability to find other employment,

unless truly extraordinary circumstances are shown." Holt v. Continental Group, Inc.,

708 F.2d 87 (2d Cir. 1983) *citing* Sampson v. Murray, 415 U.S. 61, 91-92 & n. 68, 94

S.Ct. 937, 953 & n. 68, 39 L.Ed.2d 166 (1974); EEOC v. City of Janesville, 630 F.2d

1254, 1259 (7th Cir.1980).   Further, the Supreme Court has held that injuries that

generally attend a discharge from employment-loss of reputation, loss of income and

difficulty in finding other employment-do not constitute the irreparable injury necessary

to obtain a preliminary injunction. <u>Sampson v. Murray,</u> 415 U.S. 61, 94 S.Ct. 937, 39

L.Ed.2d 166 (1974).  The Supreme further held that

> "an insufficiency of savings or difficulties in immediately obtaining other
> employment-external factors common to most discharged employees and
> not attributable to any unusual actions relating to the discharge itself-will
> not support a finding of irreparable injury, however severely they may
> affect a particular individual.

<u>Id.</u> at 92 n. 68, 94 S.Ct. 937.

This is not to say that preliminary relief is never available for a terminated employee.

<u>Id.</u> (Irreparable harm may be available in "truly extraordinary circumstances")  The

court in *Shady* articulated the standard as follows:

> "With respect to the plaintiff's employment opportunities and professional
> reputation ... [i]rreparable injury along these lines can only be established
> by a clear demonstration that the plaintiff (1) has little chance of securing
> future employment; (2) has no personal or family resources; (3) has no
> private unemployment insurance; (4) is unable to finance a loan privately;
> (5) is ineligible for public assistance; and (6) there are other compelling
> circumstances weighing heavily in favor of interim relief.

<u>Shady v. Tyson,</u> 5 F.Supp.2d 102, 109 (E.D.N.Y.1998)

In the case at bar, Plaintiffs loss of job fails to rise to the level of "extraordinary

circumstances" as it is inconceivable that without their present jobs or income they

cannot obtain or afford the bare necessities of life.  Moreover, the argument raised by

Plaintiffs are unsurprisingly predictable insofar that it asserts Plaintiffs would be unable

to pay rent and support their families.  Naturally, if one no longer has income it will be

difficult to make ends meet, a natural consequence flowing from an employee being

discharged, therefore it fails to depart from a normal situation resulting from a discharge

and does not support a finding of "irreparable injury."

Additionally, Plaintiffs have been employed at the factory since 2005, and have only recently been terminated in light of the distressed economy and in turn, the adverse affect on Defendants business.  Plaintiffs make self-serving statements that they cannot afford the basic necessities thus have demonstrated "extraordinary circumstances." Noticeably absent from Plaintiffs' declarations are fact specific details of their finances which will indicate whether they truly cannot afford the basic necessities of life.  Further recourse is also available in the form of public assistance, family resources, future employment and loan possibilities as per the Shady court.  Id. Plaintiffs can surely make a good faith effort to secure employment elsewhere earning a comparable, if not, a better wage considering that Plaintiffs' assert that they received a low income from Defendants.

Finally, should the Plaintiffs prevail on the merits of the instant action, back pay and reinstatement is readily available, as such there clearly is an adequate remedy at law. Consequently, Plaintiffs have failed to demonstrate the indispensable prong of "irreparable injury."

### A. Defendants' conduct towards Plaintiffs and their co-workers are not acts of intimidation and therefore do not constitute irreparable injury

Plaintiffs' allegations in respect to retaliatory acts committed by Defendants are simply untrue and devoid of merit.  Defendants alleged retaliatory acts were nothing more than notice to its employees of the corporation's worsening economic condition and potential consequences thereof.  Defendants never expressly stated that participation in the action or contemplation of participation in a future action would result in job termination or closure of the business outright.

Unsurprisingly, defendants were forced to close down since continued operation of the corporation would only result in further losses, not because defendants were

attempting to frustrate or circumvent the judicial process of participation in a labor law action or retaliate against Plaintiffs for commencing the instant action.   Any prudent business owner or corporation would invariably reduce its workforce and ultimately close if it were faced with the economic circumstances of the Defendants.  Therefore, Defendants did not engage in retaliatory conduct and as such Plaintiffs failed to make a showing of "irreparable harm."

**III.     Plaintiffs have failed to show a likelihood of success on the merits and that the balance of hardships favors Plaintiffs**

Assuming arguendo, that Plaintiffs have made a showing of irreparable injury, a preliminary injunction and temporary restraining order nevertheless should be denied.  In this regard, Plaintiffs have failed to show a likelihood of success on the merits plus the balance of hardships favor the Plaintiffs.

In order to establish a prima facie case of retaliation in violation of the FLSA, a plaintiff must show "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Lai v. Eastpoint Intern., Inc., No. 99 Civ.2095, 2000 WL 1234595, at *3 (S.D.N.Y. Aug. 31, 2000) (citing *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir.2000)).

Serious doubt exists as to whether Plaintiffs can show a causal connection between the protected activity of filing an action and the adverse employment action of Defendants.  While courts have considered the temporal proximity between the protected action and Defendants adverse action thereafter, it is not dispositive as to the showing of a causal connection.  It is well-settled that temporal proximity alone is insufficient to

overcome an employer's legitimate, nondiscriminatory reason for terminating a plaintiff's employment. (*See* Simpson v. New York State Dep't of Civil Servs., 166 Fed.Appx. 499, 502 (2d Cir.2006) (even where prima facie case can be established through temporal proximity, "without more, such temporal proximity is insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext")); *see also* Richter v. Monroe County Dep't of Soc. Serv., 2005 WL 351052 at *14, 2005 U.S. Dist. LEXIS 5800 at *43 (W.D.N.Y.2005) ("[t]emporal proximity alone is insufficient to carry plaintiff's burden of proof beyond the prima facie stage, and nothing she has submitted shows that she will be able to persuade a fact-finder that the retaliation played a part in her termination").

Again, the Defendants alleged "adverse employment action" is the termination of Plaintiffs from their respective positions. As will be demonstrated at the evidentiary hearing, Defendants have been adversely affected by the economic crisis. In fact, Defendants have been so severely impacted that Defendants substantially reduced their workforce by terminating forty other employees besides the Plaintiffs and thereafter ultimately closed down. Indeed, the sequence of events are consistent with actions of a corporation who is struggling to turn a profit. Further, the ultimate closing of Defendants underscores and firmly illustrates that it can no longer profitably operate. Of course, by virtue of Defendants closing down, the employees thereof would be terminated from their positions and it is for this reason that Plaintiffs' were terminated. Therefore, Plaintiffs have failed to show a likelihood of success on the merits based on its failure to show a causal connection between the protected activity and the adverse employment action.

## A.      Balance of hardships clearly tips in favor of Defendants

Should the Plaintiffs be granted the relief requested herein, Defendants would suffer a tremendous hardship and be unduly punitive insofar that it would require Defendants to re-open an already closed business which no longer can sustain a profit.

First, Defendants' aver that they did not engage in retaliatory conduct against the Plaintiffs by terminating them. As set forth above, Defendants actions were consistent with the reality that it could no longer operate profitably therefore compelling them to close. Defendants' attempt to reduce costs and overhead were unavailing, thereby culminating in Defendants' closure. If Defendants are ordered to reinstate the Plaintiffs to their past jobs, Defendants would have to re-open a business that has already been closed. The dispositive factor in the Defendants decision to close the business was simply that it no longer operated profitably, a bonafide business reason to close. The inherent hardship resulting from granting the injunction is plain on its face and would be unduly punitive. On the other hand, Plaintiffs will not suffer any hardships as they have failed to represent with particularity that they will no longer have the means to obtain the bare necessities in life, their first amendment rights have not been chilled or violated in any way shape or form and the protections of the federal and New York Labor Laws have not been violated. As such, the balancing of equities clearly tips in favor of denying the injunction.

## CONCLUSION

In light of the foregoing, Defendants respectfully request the Court to deny Plaintiffs application for a temporary restraining order and preliminary injunction. Plaintiffs branch of its application to enjoin Defendant from retaliation against Plaintiff or

other factory workers is devoid of merit because Defendants have not engaged in such

conduct.  Lastly, Defendant requests any other relief deemed just and proper by the

Court.


Dated: New York, NY
           January 12, 2009


                                        Respectfully Submitted,

                                        /s/ Raymond Wong
                                        Raymond Wong, Esq.
                                        Wong, Wong & Associates P.C.
                                        150 Broadway, Suite 1588
                                        New York, NY 10038
                                        (T) 212-566-8080
                                        (F) 212-566-8960